IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLANDERS FILTERS, INCORPORATED, also referred to as FLANDERS~PRECISIONAIRE 531 FLANDERS Filters Road Washington, North Carolina 27889<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. KIRLIN, INCORPORATED 515 Dover Road Suite 2200 Rockville, Maryland 20850<br><br>AND<br><br>ZURICH AMERICAN INSURANCE COMPANY, One Liberty Plaza 30th Floor New York, New York 10006<br><br>AND<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND P.O. Box 1227 Baltimore, Maryland 21203-1227<br><br>Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff Flanders Filters, Incorporated, also referred to as Flanders-Precisionaire ("Flanders"), by and through its undersigned counsel, brings this complaint against John J. Kirlin, Incorporated ("Kirlin"), Zurich American Insurance Company, and Fidelity and

1

Deposit Company of Maryland (collectively referred to as the "Defendants"), and alleges the following:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is an action for breach of contract and breach of the subcontract labor and material payment bond, arising out of Kirlin's failure to pay for materials procured from Flanders to construct the underground United States Capitol Visitor Center Sequence 2 (the "Visitor Center") on the East Front of the U.S. Capitol.

2. Flanders seeks compensatory relief as against all Defendants for the sum of Two Hundred Seventy-Eight Thousand Eight-Four ($278,084.20) Dollars and Twenty Cents, including all extras authorized, approved or accepted by Kirlin, plus interest as provided by law, and costs incurred by Flanders in bringing this action.

## JURISDICTION, PARTIES AND VENUE

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as this is a civil action where the matter in controversy exceeds the value of $75,000.00, exclusive of interests and costs, and is between the citizens of different States.

4. Flanders, the Vendor, is a corporation organized and existing under the laws of Florida, and has its principal place of business at 531 Flanders Filters Road, Washington, North Carolina 27889.

5. Upon information and belief, non-party Manhattan Construction Company (the "General Contractor") is a corporation organized and existing under the laws of New York, and has its principal place of business at Fairfax, Virginia.

6.  Upon information and belief, Defendant Kirlin (the "Subcontractor") is a corporation organized and existing under the laws of Maryland, with its principal place of business in Rockville, Maryland.

7.  Upon information and belief, Zurich American Insurance Company ("Zurich"), is a corporation organized and existing under the laws of New York, with its principal place of business in Schaumburg, Illinois.

8.  Upon information and belief, Fidelity and Deposit Company of Maryland (the "Fidelity"), is a corporation organized and existing under the laws of Maryland, with its principal place of business in Baltimore, Maryland.

9.  Zurich and Fidelity are the sureties in this case (collectively, the "Surety").

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue in this action occurred in the District of Columbia.

## FACTUAL ALLEGATIONS

11. On or about July 25, 2003, the Subcontractor and General Contractor entered into and executed a Subcontract (the "Subcontract"), wherein the Subcontractor agreed with the General Contractor to furnish certain labor and materials in connection with the Visitor Center.

12. On or about August 26, 2003, the Surety issued a Labor and Material Payment Bond in the amount of Twenty-Six Million Five Hundred Forty-Five Thousand ($26,545,000.00) Dollars to guarantee payment by the Subcontractor of amounts owed to sub-subcontractors and vendors, like Flanders. *See* **Exhibit A** (Payment Bond).

13. The Labor and Material Payment Bond permits a claimant "who has not been paid in full" to bring suit in this Court "ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant" and no later than "one (1) year following the date on which [the Subcontractor] ceased work on said subcontract." *See id.*, sections 2, 3(a), and 3(b).

14. The term "claimant" is defined under the Labor and Material Payment Bond to mean

> as one having a direct contract with the [the Subcontractor] for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract.

*Id.*, section 1.

15. On or about February 28, 2005, the Subcontractor issued an offer to Flanders (the "Offer") stating that the Subcontractor would reissue a Material Supplier Agreement in the amount of $361,731.00 (the "Supplier Agreement"). *See* **Exhibit B** (Offer).

16. The Offer requested that Flanders execute the Supplier Agreement and return it with a Certificate of Current Cost or Pricing data form for a material escalation claim of $287,019.00. *Id.*, ¶ 2.

17. In exchange, the Subcontractor promised to issue a Change Order for the material escalation, also to be executed by Flanders, and, once received by the Subcontractor, the Subcontractor would provide a Purchase Order Release. *Id.*, ¶¶ 3-4.

18. Flanders accepted the Subcontractor's Offer on March 23, 2005, by executing the Supplier Agreement (**Exhibit C**) and providing Flanders' Certificate of Current Cost or Pricing Data (**Exhibit D**).

19. In the Supplier Agreement, Flanders agreed to furnish and deliver to the Subcontractor certain air filters and other miscellaneous, ancillary and related materials and products in connection with the Visitor Center for which the Subcontractor agreed to pay Flanders the sum $361,731.00.

20. Thereafter, in accordance with the Offer, Flanders was provided with a Change Order in the amount of $287,019.00, which Flanders executed on March 30, 2005. *See* **Exhibit E** (Change Order).

21. The contract negotiations were complete when the Subcontractor issued to Flanders the Purchase Order Release (**Exhibit F**) and, thereafter, Flanders provided materials to the Subcontractor.

22. Through the Supplier Agreement, as amended by the Change Order, the Subcontractor agreed to pay Flanders a total sum of $648,750.00.

23. After the Purchase Order Release was executed, Flanders furnished and delivered to the Subcontractor the materials, all as required by the terms of the Supplier Agreement, the Change Order and the Purchase Order Release, and at the Subcontractor's instructions and directions. Flanders has fully complied with the Supplier Agreement, the Change Order and the Purchase Order Release.

24. Flanders furnished and delivered all of these materials for use in and for the Visitor Center located at 1501 W Street, NE, Washington, DC 20018, and for the use

and benefit of the Subcontractor and the General Contractor. The last of such materials was sent from Flanders to the Visitor Center on September 1, 2005.

25. After giving due allowance for all credits due to the Subcontractor and payments received from the Subcontractor, there remains due, owing and unpaid from the Subcontractor to Flanders the sum of $278,084.20, including all extras authorized, approved or accepted by the Subcontractor, plus interest as provided by law.

26. Flanders has repeatedly requested payment of the balance due through oral communications to the Subcontractor, but the Subcontractor has at all times failed and refused to pay that amount. Therefore, $278,084.20 plus interest as provided by law remains due and owing to Flanders from the Subcontractor.

27. The Subcontractor does not dispute the quality, quantity, nature or existence of any of the materials furnished by Flanders. Instead, the Subcontractor contends that it does not have sufficient funds to pay Flanders what Flanders is owed.

### COUNT I
### Breach of Contract
### against the Subcontractor

28. Flanders incorporates or realleges the allegations in paragraphs 1 through 27 of this Complaint.

29. The Subcontractor owes a contractual duty to Flanders under the Supplier Agreement, the Change Order and the Purchase Order Release to pay for certain air filters and other miscellaneous, ancillary and related materials and products, as well as additional work, in connection with the Visitor Center.

30. The Subcontractor has breached its duty to pay for these materials and work under the Supplier Agreement, the Change Order and the Purchase Order Release.

31. Flanders is entitled to payment from the Subcontractor in the amount of $278,084.20.

## COUNT II
### Breach of Subcontract Labor and Material Payment Bond against the Surety

32. Flanders incorporates or realleges the allegations in paragraphs 1 through 31 of this Complaint.

33. Flanders is a claimant under the Payment Bond because Flanders had a direct contractual relationship with the Subcontractor, who provided the Payment Bond.

34. The Surety is liable to pay for the materials and work provided by Flanders for which the Subcontractor has failed and refused to pay.

35. This claim is timely because it is brought more than 90 days after non-payment, but less than one year since the last materials were furnished by Flanders to the Subcontractor.

36. The Surety has failed to pay Flanders and Flanders is entitled to recover from the Surety in the amount of $278,084.20.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Flanders requests that the Court enter judgment in its favor as follows:

A. For the entry of Judgment in its favor and against the Defendants, in the amount of $278,084.20 together with statutory interest.

B. For any other relief the Court deems appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all jury-eligible issues.

Dated: August 24, 2006

Respectfully Submitted,

_____
Eric C. Rowe (D.C. Bar No. 466182)
David S. Panzer (D.C. Bar No. 470677)
GREENBERG TRAURIG LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (phone)
(202) 331-3101 (fax)