00/217/2003  13:33    2025548738    + LANDBERG PERSONNEL    PAGE  04
JJK@CVC
PAGE  05.



# Fidelity and Deposit Company of Maryland
Home Office: P.O. Box 1227, Baltimore, MD 21203-1227

Bond No. 0872 0154

# SUBCONTRACT LABOR AND MATERIAL PAYMENT BOND

**KNOW ALL MEN BY THESE PRESENTS:**

That John J. Kirlin, Inc. as Principal, hereinafter called Principal, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland, and Zurich American Insurance Company, with its office in the City of Baltimore, Maryland, U.S.A., as Sureties, hereinafter called Sureties, are held and firmly bound unto Manhattan Construction as Obligee, hereinafter called Obligee, for the use and benefit of claimants as herein below defined, in the amount of Twenty Six Million Five Hundred Forty Five Thousand and NO/100 Dollars ($ 26,545,000.00), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns. jointly and severally, firmly by these presents.

**WHEREAS,** Principal has by written agreement dated 7/25/2003 entered into a subcontract with Obligee for United States Capitol Visitors Center Sequence 2 in accordance with drawings and specifications prepared by N/A which subcontract is by reference made a part hereof, and is hereafter referred to as the subcontract.

**NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH,** That if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract.

2. The above-named Principal and Sureties hereby jointly and severally agree with the Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Obligee shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant,

   (a) After the expiration of one (1) year following the date on which Principal ceased work on said subcontract it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

   (b) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.

Signed and sealed this ___26th___ day of ___August___, 2003.

John J. Kirlin, Inc. _____ (SEAL)

_____ (SEAL)
*Principal*

ZURICH AMERICAN INSURANCE COMPANY

_____
April O. Compton, Attorney-in-fact

FIDELITY AND DEPOSIT COMPANY OF MARYLAND

By _____
April O. Compton, Attorney-in-fact

C347a-10M