IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FLANDERS FILTERS, INCORPORATED a/k/a FLANDERS-PRECISIONAIRE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06CV01494 |
| JOHN J. KIRLIN, INC., | ) ) | Judge Lamberth |
| and | ) ) | |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| and | ) ) | |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) | |
| Defendants. | ) ) | |
| _____) | | |

## DEFENDANTS' ANSWER

Defendants, John J. Kirlin, Inc. ("Kirlin"), Zurich American Insurance

Company ("ZAIC") and Fidelity and Deposit Company of Maryland ("F&D")

(Kirlin, ZAIC and F&D are referred to collectively as "Defendants"), answer the

Complaint filed by Plaintiff, Flanders Filters, Incorporated, also referred to as

Flanders-Precisionaire ("Flanders"), as follows:

## Preliminary Defenses

1.      The Complaint fails to state a claim against Defendants upon which

relief can be granted.

## Answer to Specific Allegations

In response to the specific allegations of the Complaint, Defendants respond as follows:

1.      Paragraph 1 of the Complaint states a conclusion that requires no response by Defendants.  To the extent that Paragraph 1 is deemed to contain factual allegations, Defendants deny those allegations.

2.      Paragraph 2 of the Complaint states a conclusion that requires no response by Defendants.  To the extent that Paragraph 2 is deemed to contain factual allegations, Defendants deny those allegations.

3.      Paragraph 3 of the Complaint states a legal conclusion that requires no response by Defendants and Defendants demand strict proof of all elements of this Court's subject matter jurisdiction.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Defendants admit the allegations related to venue; however, this admission should not be construed as admitting any allegations regarding jurisdiction.

11.     Admitted.

12.     Admitted; however, the terms of the payment bond speak for themselves.

13.     Defendants admit that Flanders has correctly recited certain terms of the payment bond.  However, Defendants further note that the payment bond contains additional terms and it also incorporates by reference the terms of the subcontract between Kirlin and Manhattan; thus, those additional subcontract terms also are terms of the payment bond.

14.     Defendants admit that Flanders has correctly recited certain terms of the payment bond.  However, Defendants further note that the payment bond contains additional terms and it also incorporates by reference the terms of the subcontract between Kirlin and Manhattan; thus, those additional subcontract terms also are terms of the payment bond.

15.     Denied.  Defendants admit that Kirlin issued the letter appended to the Complaint as Exhibit B; however, Defendants deny the characterization of the letter by Flanders in Paragraph 15 of the Complaint.

16.     The terms of the letter appended to the Complaint as Exhibit B speak for themselves.  Defendants deny Flanders' characterization of those terms.

17.     The terms of the letter appended to the Complaint as Exhibit B speak for themselves.  Defendants deny Flanders' characterization of those terms.

18.     Defendants admit that Flanders and Kirlin executed a Material Supplier Agreement and that a portion of the Material Supplier Agreement is appended to the Complaint as Exhibit C.  However, the copy of the Material Supplier Agreement appended to the Complaint as Exhibit C is incomplete. Defendants further deny any characterization of the Material Supplier Agreement

by Flanders.  Defendants admit that Flanders executed the Certificate of Current

Cost or Pricing Data appended to the Complaint as Exhibit D.  Defendants further

assert that Flanders has not, to date furnished adequate supporting data to satisfy

the project owner, the Architect of the Capitol (the "AOC"), that Flanders did, in

fact, incur the additional costs as represented in the Certificate of Current Cost or

Pricing Data.  Flanders is contractually obligated to furnish such information as a

condition of receiving payment of the alleged additional cost.

19.    The terms and conditions of the Material Supplier Agreement speak

for themselves and Defendants deny any characterization of those terms and

conditions by Flanders.

20.    Defendants admit that Flanders and Kirlin executed the

Subcontractor or Supplier Purchase Order Modification appended to the

Complaint as Exhibit E.  While Exhibit E is not bilaterally executed copy of the

Modification, Kirlin does have a bilaterally executed copy of the Modification in

its permanent business records.

21.    Denied.

22.    Defendants admit that the adjusted contract price after execution of

Modification 21 (Exhibit E to the Complaint) was $648,750.  However,

Defendants deny Flanders' allegation that Kirlin "agreed to pay Flanders a total

sum of $648,750."  Flanders' right to be paid is governed by the lengthy terms

and conditions of the Material Supplier Agreement and the various contract

terms and conditions incorporated therein by reference.  Flanders' right to be

paid also is conditioned upon Flanders' providing adequate supporting data to

satisfy the AOC that Flanders' incurred the extra costs as represented by Flanders

4

in its Certificate of Current Cost or Pricing Data.  To date, the AOC has determined that Flanders has not provided such adequate supporting data.

23.     Defendants admit that Flanders has furnished materials to the project.  Defendants deny Flanders' allegation that Flanders has "complied with the Supplier Agreement, the Change Order and the Purchase Order Release."

24.     Defendants admit that the materials were furnished to the project and property address identified in Paragraph 24 of the Complaint.  Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25.     Denied.

26.     Defendants admit that Flanders has requested payment in the amount identified in Paragraph 26 of the Complaint; however, Defendants deny that such payment is due and owing to Flanders.

27.     Denied.

28.     Defendants incorporate by reference paragraphs 1-27 of this Answer.

29.     Paragraph 29 of the Complaint states a legal conclusion that requires no response.  To the extent that Paragraph 29 is deemed to contain factual allegations against Defendants, they are denied.

30.     Denied.

31.     Denied.

32.     Defendants incorporate by reference paragraphs 1-31 of this Answer.

33.     Paragraph 33 of the Complaint states a legal conclusion that requires no response.

34.    Paragraph 34 of the Complaint states a legal conclusion that requires no response.  To the extent that Paragraph 34 is deemed to contain factual allegations against Defendants, they are denied.

35.    Paragraph 35 of the Complaint states a legal conclusion that requires no response.  To the extent that Paragraph 35 is deemed to contain factual allegations against Defendants, they are denied.

36.    Denied.

## Affirmative Defenses

1.    Flanders' claims are premature because Flanders has not exhausted its administrative remedies under the Material Supplier Agreement and the contract documents incorporated by reference therein.

2.    Some or all of the claims asserted by Flanders are subject to the pass-through disputes procedures of the Material Supplier Agreement and the contract documents incorporated therein by reference.

3.    Some or all of the claims asserted by Flanders are subject to the pay-if-paid provisions of the Material Supplier Agreement and the contract documents incorporated therein by reference.

4.    Some or all of the claims asserted by Flanders are subject to setoff.

5.    Some or all of the claims asserted by Flanders are subject to accord and satisfaction.

6.    Some or all of the claims asserted by Flanders are subject to waiver.

7.    Some or all of the claims asserted by Flanders are subject to estoppel.

8.    Some or all of the claims asserted by Flanders are subject to release.

9.      Some or all of the claims asserted by Flanders are barred by

Flanders' own breaches of contract.

10.     Flanders has not satisfied all of the conditions of the Material

Supplier Agreement in order to receive payment of the change order funds it

seeks to recover in this action.

Respectfully submitted,


/S/
Charles F. Mitchell
D.C. Bar No. 431188
515 Dover Road, Suite 2100
Rockville, Maryland 20850
(301) 738-8876 Phone
(301) 294-6188 Fax
cmitchell@johnjkirlin-inc.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading was served this 11th day of September, 2006, by first class mail, postage prepaid, on the following:

> Eric C. Rowe, Esq.
> David S. Panzer, Esq.
> Greenberg Traurig, LLP
> 800 Connecticut Avenue, N.W.
> Suite 500
> Washington, D.C. 20006

/S/
_____
Charles F. Mitchell
